IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee for Long Beach Mortgage Trust 2006-2, as Beneficiary and Assetlink, as Servicer, Its Successors and Assigns, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:10-CV-1562-O |
| MARCUS SAWYER AND ALL OTHER OCCUPANTS | § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Memorandum in Support of Motion to Remand*, filed August 19, 2010 (doc. 5). Based on the relevant filings, evidence, and applicable law, Plaintiff's motion to remand should be **GRANTED**.

### I. BACKGROUND

On October 9, 2009, Deutsche Bank National Trust Co. ("Plaintiff"), acquired real property located in Cedar Hill, Texas, at a foreclosure sale. On June 16, 2010, it filed a forcible detainer petition in a justice of the peace court in Dallas County, Texas, seeking to evict former owner Marcus Sawyer and all other occupants from the property. The court issued a citation for the defendants that was executed on June 28, 2010, and returned on June 29, 2010. The citation included a copy of the initial pleading. After a hearing on July 7, 2010, the court ruled in favor of Plaintiff. On July 26, 2010, the defendants filed a *de novo* appeal in Dallas County Court at Law No. 5.

On August 11, 2010, Talance Sawyer, an unnamed defendant, filed a notice of removal in the federal district court for the Northern District of Texas, claiming diversity jurisdiction. She alleged that there was complete diversity of citizenship between the parties and that the amount in controversy was $291,450.00, the fair market value of the real property at issue. On August 19, 2010, Plaintiff filed a motion to remand the case to state court. No response was filed.

## II. ANALYSIS

Plaintiff moves to remand this case on grounds that the removal was untimely, that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and that Talance Sawyer did not obtain written consent of all served defendants before removing the case.

### A. Timeliness of Removal

Plaintiff first moves to remand on grounds that the notice of removal was filed more than thirty days after the defendants received notice of Plaintiff's suit.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. 28 U.S.C. § 1332(a).

A defendant has thirty days from service of the initial pleading to remove a case from state court to federal court. 28 U.S.C. § 1446(b). If the case stated by the initial pleading is not removable, the defendant may file a notice of removal within thirty days after receipt of an amended

pleading, motion, or other paper from which it may first be ascertained that the case is or has become removable. 28 U.S.C. 1446(b). The notice may not be filed after one year of the commencement of the action. *See id.*; *Johnson v. Heublein Inc.*, 227 F.3d 236, 240-41 (5th Cir. 2000). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2003). Further, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

The notice of removal in this case was filed more than thirty days after formal service of the original petition on the defendants. The time for removal commences from service of the initial pleading only if the pleading "'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2010) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Since the original petition in this case identified the foreclosed property, the value of which now serves as the amount in controversy,[1] it affirmatively revealed that the amount in controversy exceeded the minimum jurisdictional amount; there was no need for any resort to guesswork. *See Borquez v. Brink's, Inc.*, 2010 WL 931882, at *5 (N.D. Tex. Mar. 12, 2010) (O'Connor, J.) (summarizing cases where the initial pleading did not state a specific dollar amount but common sense dictated that the damages sought exceeded the minimum jurisdictional amount); *Henson ex rel. Henson v. Power, Rogers and Smith*, 2007 WL 313313, at *5 (N.D. Tex. Jan. 31, 2007) (Lindsay, J.). *But see Staton v. Wells Fargo Bank, N.A.*, 192 F.Supp.2d 681, 683-84 (N.D. Tex.

---

[1] There is no need to decide whether the amount in controversy is properly determined by the fair market value of the foreclosed property, as alleged in the notice of removal. For purposes of this motion, the Court will assume the allegations are true.

2002) (Lynn, J.) (cautioning that such a common-sense approach encouraged the courts to "dip into the briar patch of guesswork" disfavored by the Fifth Circuit ). The thirty day period for removal therefore commenced on June 28, 2010, when the petition was formally served on the defendants. Since the notice of removal was not filed within that thirty day period, remand is required.

**B.**     ***Rooker-Feldman* Doctrine**

Plaintiff also moves the Court to remand this case under the *Rooker-Feldman* doctrine, arguing that the Court is being asked to review a state court judgment.

Under the *Rooker-Feldman* doctrine,[2] "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). It applies only after state court proceedings have ended, meaning that there is no further opportunity for state appeals. *See Nicholson v. Shafe*, 558 F.3d 1266, 1270-79 (11th Cir. 2009); *Rowley v. Wilson*, 200 F.App'x 274, 275 (5th Cir. 2006) (per curiam) (unpublished); *Powers v. Tex. Prop. & Cas. Ins. Guar. Assoc.*, 2010 WL 276164, at *1 n.3 (S.D. Tex. Jan. 19, 2010). Because this case was removed while pending an appeal in a Dallas county court, the *Rooker-Feldman* doctrine therefore does not apply.

---

[2] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

*See Rowley*, 200 F.App'x at 275 (state proceedings had not ended for *Rooker-Feldman* purposes where case was on appeal to the state appellate court).

**C.     Consent to Remove**

Plaintiff also moves to remand on grounds that Talance Sawyer did not obtain written consent of all served defendants before removing the case.

All served and properly joined defendants must consent to removal and join in the removal petition no later than thirty days from the day on which the first defendant is served. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-1263. "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *See id.* at 1262 n.11. If each served and properly joined defendant does not consent, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

As an exception to this general rule, "'nominal or formal' parties need not join in the removal petition." *Farias v. Bexar Cnty., Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citations omitted). To establish non-removing parties as nominal parties, "'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *See id.* (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549-50 (5th Cir. 1981)). Additionally, "if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required." *Henry v. Indep. Am. Sav. Assoc.*, 857 F.2d 995, 999 (5th Cir. 1988) (citations omitted).

Here, there is no indication that Marcus Sawyer, a properly joined and served defendant, consented to removal. Further, Talance Sawyer has not carried her burden to show that any exceptions to the consent rule apply. The Court should therefore remand this case on this basis as well.

## III. CONCLUSION

Plaintiff's motion to remand should be **GRANTED**, and the case should be remanded to Dallas County Court at Law No. 5.

**SO RECOMMENDED** on this 12th day of October, 2010.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE